**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:16-cv-09950 |
| MARIA CYD ADRIATICO FERNANDEZ, f/k/a Cyd A. Petrocelli, | Honorable Robert W. Gettleman |
| Defendant. | |

**JOINT MOTION FOR CONSENT JUDGMENT**

The United States of America ("Plaintiff") and Maria Cyd Adriatico Fernandez ("Defendant"), by and through their respective counsel, jointly move this Court to enter the attached proposed Consent Judgment of Denaturalization. This motion is supported by Defendant's admission to, and acknowledgment of the truth of, the allegations contained in Count IV of the Complaint to Revoke Naturalization. *See* Complaint ("Compl."), ECF No. 1.

To be eligible for naturalization, an applicant must an applicant must have been lawfully admitted to the United States for permanent residence and subsequently resided in this country for at least five years prior to the date of application. *See* 8 U.S.C. § 1427(a)(1); *see also* 8 U.S.C. § 1429. The term "lawfully" requires compliance with the substantive legal requirements for admission, and not mere procedural regularity. *Estrada-Ramos v. Holder*, 611 F.3d 318, 321 (7th Cir. 2010). An alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure, or has procured) a visa, other documentation, or admission into the United States or other immigration benefit is inadmissible. 8 U.S.C. § 1182(a)(6)(C)(i).

1

Defendant admits that she was never lawfully admitted as a permanent resident and thus did not (and indeed, could not even now) satisfy the requirements of 8 U.S.C. § 1427(a)(1) and 8 U.S.C. § 1429, because she was inadmissible at the time of her admission as a conditional permanent resident.

On or about July 19, 1996, Defendant filed her Form I-485, *Application to Register Permanent Residence or Adjust Status*, seeking to adjust her status to that of a lawful permanent resident.  Defendant's eligibility to adjust her status was predicated on her marriage to Scott Petrocelli.  On her Form I-485, Defendant represented under penalty of perjury that she lived at Petrocelli's residence.  On or about March 25, 1997, Defendant was interviewed by an immigration officer in connection with her application for adjustment of status.  Defendant represented under oath that she was living with Petrocelli at the same address.  USCIS approved Defendant's application in reliance on these statements.  Defendant admits that her sworn statements on her I-485 and at her interview that she was living with Petrocelli were false.  On April 13, 2004, Defendant became a naturalized citizen of the United States and received Certificate of Naturalization No. 28046913.

Under 8 U.S.C. § 1451(a), this Court must revoke Defendant's naturalization and cancel her Certificate of Naturalization if her naturalization was either illegally procured, or procured by concealment of a material fact or willful misrepresentation.  Defendant admits that her naturalization was illegally procured because she was never lawfully admitted for permanent residence as alleged in Count IV of the Complaint, ECF No. 1 at ¶¶ 75-87.

In light of the facts alleged in Count IV of the Complaint, which she admits are true, Defendant, having fully discussed the case with her counsel, agrees with Plaintiff that denaturalization is proper and to avoid delay, uncertainty, inconvenience, and expense of further

litigation does not wish to further contest denaturalization. Accordingly, Plaintiff and Defendant jointly move this Court for an order providing the relief requested in the attached proposed Consent Judgment of Denaturalization.

By agreement, the Parties jointly request that the Court's judgment be effective no earlier than April 28, 2017. The Parties also jointly request the Court to set a hearing for approximately 14 days from the effective date of the judgment (approximately May 12, 2017) at which Defendant must demonstrate that she has complied with the Judgment, unless the United States provides notice that Defendant has fully complied and the Judgment is satisfied.

Dated: April 7, 2017  Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
District Court Section
Office of Immigration Litigation

TIMOTHY M. BELSAN
Deputy Chief, National Security &
  Affirmative Litigation Unit
District Court Section
Office of Immigration Litigation

s/ Aaron R. Petty
AARON R. PETTY, IL Bar 6293553
Counsel for National Security
District Court Section
Office of Immigration litigation
U.S. Department of Justice
219 S. Dearborn St., 5th Floor
Chicago, IL 60604
Telephone: (202) 532-4542
E-mail: Aaron.R.Petty@usdoj.gov

Counsel for Plaintiff United States of America

s/ Rachel Moguel
RACHEL MOGUEL
Law Offices of Rachel Moguel
700 Commerce Drive, #500
Oak Brook, IL 60523
Telephone: (630) 524-2598
E-mail: rmoguel@lormchicago.com

Counsel for Defendant Maria Cyd Adriatico Fernandez